IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LEE PURSER,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:11-CV-03295-L** |
| § | |
| **BRENT L. CORALLI,** § | |
| **JET TEXT, LLC, and CORALLI, INC.,** § | |
| § | |
| Defendants. § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendants Brent L. Coralli, Jet Text, LLC, and Coralli, Inc.'s Amended Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) and Private Securities Litigation Reform Act, filed June 26, 2012. After carefully considering the motion, briefs, and applicable law, the court **grants** Defendants Brent L. Coralli, Jet Text, LLC, and Coralli, Inc.'s Amended Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) and Private Securities Litigation Reform Act.

**I.    Background**

Plaintiff Lee Purser ("Plaintiff" or "Purser") originally brought this action against Defendants Brent L. Coralli ("Coralli"); Jet Text, LLC ("Jet Text"); Coralli, Inc.[1]; Sting Group Holdings, LLC; Royal Nation, LLC; and Texas Titans Futbol LLC for claims of securities fraud, common law fraud, breach of contract, and "breach of duty."[2] On January 11, 2012, Coralli, Jet Text, and Coralli, Inc.

---

[1] The caption of Plaintiff's Amended Complaint refers to "Coralli, Inc."; however, the body of the Amended Complaint refers to "Coralli Co., LLC." The court assumes that these are one and the same entity.

[2] Reference to the breach of contract and "breach of duty" claims is made only in the title to Plaintiff's Original Complaint.

**Memorandum Opinion and Order - Page 1**

moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6), contending that Plaintiff's Original Complaint failed to allege facts as required by the Private Securities Litigation Reform Act ("PSLRA") and the Federal Rules of Civil Procedure. The remaining Defendants filed a separate motion to dismiss on similar grounds.

Plaintiff filed an "Opposition" to Defendants' motions to dismiss, conceding that "[b]oth motions have merit" and the "Original Complaint needs to be amended to set forth with greater specificity the statements alleged to have been misleading, the reasons why the statements were misleading, the inferences leading to a finding of scienter and other matters set forth in the cases relied on by Defendants." Pl.'s Resp. 1-2. Thereafter, Plaintiff dismissed without prejudice his claims against three Defendants (Sting Group Holdings, LLC; Royal Nation, LLC; and Texas Titans Futbol, LLC), and on April 27, 2012, filed an Amended and Supplemental Complaint for Damages Pursuant to Federal Securities Laws, Applicable State Laws Dealing with Securities Violations, Fraud and Breach of Agreement and Breach of Duty ("Amended Complaint") as to the remaining three Defendants: Coralli, Jet Text, and Coralli, Inc. (collectively referred to as "Defendants"). In their amended motion to dismiss, Defendants contend that Plaintiff's Amended Complaint fails for the same reasons the claims in his Original Complaint fail. The court agrees.

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the

**Memorandum Opinion and Order - Page 2**

court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

**III.   Analysis**

Defendants contend that Plaintiff has failed to satisfy the pleading requirements for claims under section 10 of the Securities Exchange Act of 1934 (the "1934 Act"), Rule 10b-5 of the Securities Exchange Commission, and the PSLRA.

Section 10(b) of the Securities Exchange Act of 1934 ("the 1934 Act") makes it unlawful to:

> use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and

**Memorandum Opinion and Order - Page 4**

>regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. § 78j(b). Rule 10b-5 implements section 10(b) of the 1934 Act and makes it unlawful for any person, directly or indirectly:

>(a) To employ any device, scheme, or artifice to defraud,
>
>(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
>(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5(b). To state a claim under section10(b) and Rule 10b-5, a plaintiff must allege facts regarding the following: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1317-18 (2011) (quoting *Stoneridge Inv. Partners, LLC v. Scientific Atlanta, Inc.*, 552 U.S. 148, 157 (2008). Scienter, in the context of securities fraud, is defined as "an intent to deceive, manipulate, or defraud or that severe recklessness in which the danger of misleading buyers or sellers is either known to the defendant or is so obvious that the defendant must have been aware of it." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009).

Regarding scienter, the PSLRA further requires that, for any claim for money damages, "the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. §78u-4(b)(2). Additionally, the complaint must specify "each statement alleged

**Memorandum Opinion and Order - Page 5**

to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts upon which that belief is formed." § 78 u-4(b)(2). If a plaintiff fails to meet the PSLRA's "strong inference" requirement, a district court must "dismiss the complaint." *Id.* § 78u-4(b)(3). Thus, to survive a motion to dismiss, a plaintiff alleging a rule 10b-5 claim must plead specific facts giving rise to a "strong inference" of scienter. *Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 407 (5th Cir. 2001).

Defendants contend that Plaintiff's Amended Complaint substantially restates the allegations in the Original Complaint and does not contain the requisite factual allegations to sustain a securities fraud claim and fails to meet the heightened pleading requirement for such claims. In his two-page July 17, 2012 Opposition to Motion to Dismiss, Plaintiff states that he invested $400,000 with Defendants, who "took the money and ran." Pl.'s Resp. 2. Plaintiff therefore contends that he has alleged sufficient "plausible facts" to show that he was defrauded. *Id.* He also states that the court is required to "draw on its judicial experience and common sense" to determine whether a plausible claim has been stated. *Id.*

Purser alleges in the Amended Complaint that he was victimized by Defendants *"who by subterfuge* solicited [him] to make an investment of $400,000" for which he has seen nothing in return. Pl.'s Amended Compl. 2, ¶ 2 (emphasis added). In the latter part of 2007 and early 2008, Plaintiff alleges that he was approached by Coralli about an investment opportunity to buy into an "emerging" gaming operation, which would be licensed in Peru to operate exclusively a Mobile Lottery for which there would be no competition. *Id.* 5, ¶ 13. Plaintiff alleges that unnamed "associates of Coralli" represented that they had a close relationship with the Peruvian president and

**Memorandum Opinion and Order - Page 6**

could guarantee that any entity they were affiliated with would receive the license to operate the lottery. Plaintiff, without explaining who promised million in profits, further alleges:

> Promising millions of dollars in gaming profits through Peruvian Corporation Galena, a consortium was created whereby Galena would be owned by 40% MGS, 40% by Silverstrings and 20% by SLA.
>
> In turn, Coralli agreed with [Plaintiff] that, for and in consideration of an investment of $400,000, [Plaintiff] and his affiliates would own 10% of Silverstrings, which investment Coralli instructed [Plaintiff] had to be funded through Jet Text, which in turn could see to it that [Plaintiff's] investment would be protected.[3]

*Id.* 5, ¶¶ 15-16. Plaintiff alleges that he paid Jet Text $50,000 on December 5, 2007, and 150,000 on January 23, 2008, but never received proof of his investment and has never heard from "Galena, Silverstrings, MGS, SLA or Coralli" despite his repeated demands to Coralli. *Id.* 6, ¶¶ 17-18, 22. "*Based on irresistible inferences drawn from the conduct of the defendants*, Purser avers that the money he invested never reached Galena or Silverstrings, but was rather used to fund fiscal shortages in the sports world of Sting, Royal and Titan or other non-Silversrings [sic] matters." *Id.* 6, ¶ 23 (emphasis added). Plaintiff "further avers that the lure of the Peruvian venture was used by the defendants, individually and in concert one with the other to (i) launder money, (ii) engage in corrupt practices, (iii) further criminal enterprises, (iv) violate federal and state laws, (v) commit fraud, and (vi) otherwise cause damage to [Plaintiff] and his interests." *Id.* 7, ¶ 24.

      The court concludes that Plaintiff's allegations are insufficient to support a federal securities claim. Specifically, Plaintiff's conclusory allegations regarding Defendants' conduct and motives, based on "irresistible inferences" and "subterfuge," are not sufficient to support a federal securities

---

[3] MGS refers to Managed Gaming Solutions, PLC; Silverstrings refers to Silverstrings Investments, N.V.; SLA refers to Systems Latin America, S.A. Plaintiff alleges that although the these entities and Peruvian Corporation Galena are not defendants in this action, they are liable to Plaintiff as aiders and abettors, controlling persons, or fiduciaries in connection with the conduct alleged.

**Memorandum Opinion and Order - Page 7**

claim and withstand dismissal under Rule 12(b)(6). Further, it is not clear from Plaintiff's pleadings, who made the representations, guarantees, and promises at issue, and to whom they were made. In an apparent effort to satisfy the PSLRA's pleading requirements, Plaintiff lists a number of persons and entities, most of which are not parties to this action, that allegedly made "misleading statements" or are likely to have information regarding the transactions between him and Coralli. *Id.* 9, ¶ 34. Again, however, Purser fails to specifically state the substance of the misleading statements allegedly made by the Defendants in this case for which he seeks to hold them liable. The court, taking a liberal view of Plaintiff's allegations in the Amended Complaint, determines that, at best, Purser raises the mere possibility of wrongdoing by Defendants; however, when the allegations of the pleadings do not permit the court to infer more than the mere possibility of wrongdoing, they fall short of showing that Purser is entitled to relief. *Iqbal*, 556 U.S. at 679. The court therefore determines that dismissal of Plaintiff's federal securities claims is appropriate.

## IV. Amendment of Pleadings

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371

U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

When a plaintiff has previously amended his pleadings, "[a]t some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *see also Schiller*, 342 F.3d at 567 (citation omitted). During the pendency of Defendants' motion to dismiss, Plaintiff conceded that his pleadings were deficient and filed the current Amended Complaint as an attempt to cure the acknowledged deficiencies; and the court relied on the amended pleading in reaching its decision. The court believes that permitting a third pleading attempt would be an inefficient use of the parties' and the court's resources, would cause unnecessary and undue delay, and would be futile.

In light of Plaintiff's steadfast position on the sufficiency of his allegations, and because he has not requested to amend, the court believes that Plaintiff has stated his "best case" and that he cannot improve upon or supplement the allegations as pleaded. The court therefore concludes that Plaintiff cannot set forth additional allegations that exist to state a claim upon which relief can be granted regarding his claims under the PSLRA and that further attempts to amend would be futile. As a further ground for disallowing amendment of the pleadings, the court determines that such further attempts would unnecessarily delay the resolution of this action. Accordingly, the court will not allow Plaintiff a further opportunity to amend his pleadings.

## V.  Supplemental Jurisdiction

Defendants do not address Plaintiff's state law claims in their motion to dismiss. Reference to Plaintiff's breach of contract and "breach of duty" claims is made only in the title to Plaintiff's

Amended Complaint. Plaintiff also states in conclusory fashion that he is "entit[l]ed to recover on the basis of state law and pursuant to Texas regulations, statutes and ordinances, as to which Purser [sic] this court has supplemental jurisdiction." Pl.'s Amended Compl. 10, ¶ 37.

As a general rule, courts "decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999), *cert. denied*, 528 U.S. 1076 (2000); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). In deciding whether to exercise supplemental jurisdiction, courts consider the statutory provisions of 28 U.S.C. § 1367(c), as well as "the balance of the relevant factors of judicial economy, convenience, fairness, and comity." *Id.* at 350-51. No single factor is dispositive. *Id.*

Here, it does not appear from Plaintiff's bare-bones pleadings that his state claims involve novel or complex issues of state law; however, state court is usually the preferred forum for state law claims. In any event, all of the remaining factors weigh in favor of the court declining to exercise supplemental jurisdiction. There has been minimal activity in the case since it was filed, no scheduling order has been entered, minimal judicial resources have been expended, and the court has not addressed the merits of Plaintiff's state law claims. Likewise, there is no indication the parties have expended a sizeable amount of money or time preparing this litigation in federal court. The court further concludes that dismissal of this action without prejudice to Plaintiff's right to bring or assert the claims in state court would not be unfair or inconvenient since, according to his pleadings,

**Memorandum Opinion and Order - Page 10**

he and all of the Defendants are located in the State of Texas.  In light of these facts and the court's dismissal of Plaintiff's federal securities claims, the court declines to exercise supplemental jurisdiction over his state claims.

## VI.     Conclusion

For the reasons herein stated, the court **grants** Defendants Brent L. Coralli, Jet Text, LLC, and Coralli, Inc.'s Amended Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) and Private Securities Litigation Reform Act, **dismisses with prejudice** Plaintiff's federal securities claims against these Defendants, and **declines** to exercise supplemental jurisdiction over Plaintiff's pendent state law claims for fraud, breach of contract, and "breach of duty" and **dismisses** them **without prejudice**.  The court, as required by Rule 58 of the Federal Rules of Civil Procedure, will issue judgment by separate document.

**It is so ordered** this 21st day of November, 2012.

*[signature]*
Sam A. Lindsay
United States District Judge